UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SAMUEL K. ROBINSON,<br><br>    Plaintiff,<br><br>v.<br><br>SERRA CHEVROLET BUICK GMC OF NASHVILLE et al.,<br><br>    Defendants. | Case No. 3:21-cv-00670<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

This case arises out of a vehicle purchase and subsequent payment dispute in Nashville, Tennessee. (Doc. No. 1.) In March 2021, pro se Plaintiff Samuel K. Robinson filed this action in the United States District Court for the Eastern District of Michigan against Defendants Serra Chevrolet Buick GMC of Nashville, sales representative Charles Hopkins, and Credit Acceptance Corporation. (*Id.*) While the case was pending in the Eastern District of Michigan, Credit Acceptance filed a motion to compel arbitration and dismiss or stay the case. (Doc. No. 8.) Robinson responded in opposition to the motion, arguing that Credit Acceptance never served him with it, that he has not had an opportunity to review the motion, and that Credit Acceptance is in default for failing to respond to his complaint. (Doc. No. 14.) Credit Acceptance filed a reply arguing that it filed and served the motion on Robinson via the Eastern District of Michigan's electronic filing system and is therefore not in default. (Doc. No. 19.)

The case was transferred to this Court on Serra and Hopkins's motion with Credit Acceptance's motion to compel arbitration and dismiss or stay the case still pending. (Doc.

Nos. 21, 22.) Credit Acceptance's motion to compel arbitration and dismiss or stay the case (Doc. No. 8) is now ripe for this Court's review. Robinson has also filed a motion for summary judgment. (Doc. No. 29.)

For the reasons that follow, the Magistrate Judge will recommend that the Court deny Credit Acceptance's motion to compel arbitration and dismiss or stay the case, deny Robinson's request for entry of default against Credit Acceptance, and deny without prejudice Robinson's motion for summary judgment.

## I. Background

### A. Factual Background[1]

Robinson states that, on June 19, 2020, his friend Willie Carter attempted to purchase a 2010 Chevrolet Impala from Serra. (Doc. No. 1.) Credit Acceptance assessed Carter's credit and determined that he would need a cosigner to finance the purchase. (*Id.*) Carter asked Robinson to cosign, and Robinson agreed because Carter had recently been released from prison and Robinson wanted to help him "get[ ] his life back together[.]". (*Id.* at PageID# 3, ¶ 8.) Robinson and Carter met with Hopkins, a Serra sales representative, to purchase the vehicle. (Doc. No. 1.) After completing the financing paperwork and paying some of the down payment, Carter "still owed about $236[.00] for the down payment." (*Id.* at PageID# 4, ¶ 11.) "Carter was supposed to return to the dealership . . . to complete this payment, but [ ] Carter failed to do so, and" Serra and Hopkins called Robinson "several times in reference to [ ] Carter's whereabouts . . . ." (*Id.*)

Soon after, Credit Acceptance began calling Robinson about the monthly payment due on the vehicle. (Doc. No. 1.) Robinson asked why Credit Acceptance was calling him rather than

---

[1] The facts in this section are drawn from Robinson's complaint (Doc. No. 1) and assumed true for purposes of ruling on Credit Acceptance's motion.

Carter, and Credit Acceptance told Robinson that he was "the purchaser of the vehicle and the one responsible for the payment." (*Id.* at PageID# 5, ¶ 13.) A manager at Credit Acceptance informed Robinson that the contract they received from Serra named Robinson as the primary purchaser of the vehicle. (Doc. No. 1.) Robinson insisted that was incorrect and the manager told him to contact Serra. (*Id.*) Robinson called the dealership the next day and described the mistake, but the manager he spoke with denied any error and ended the call. (*Id.*) Robinson went to Serra in person and spoke to Hopkins, but "Hopkins flatly refused to resolve the circumstances" by "recall[ing] the contract" and "instead told [Robinson] to file a lawsuit . . . ." (*Id.* at PageID# 6, ¶ 17.)

Robinson informed Credit Acceptance that the contract it received from Serra was fraudulent and "requested an escalated review . . . ." (*Id.* at PageID# 8, ¶18.) A review board at Credit Acceptance determined that the contract was valid. (Doc. No. 1.) Robinson asked how the board made its determination, and Credit Acceptance responded "that the dealership was asked about it and that they 'confirmed' that the contract was valid." (*Id.* at PageID# 8, ¶ 18.)

**B.     Procedural History**

Robinson initiated this action by filing a complaint in the United States District Court for the Eastern District of Michigan. (Doc. No. 1.) Robinson's complaint, which he filed by mail, alleges claims against Serra, Credit Acceptance, and Hopkins under a variety of civil and criminal causes of action under federal and state law. (*Id.*) Robinson's federal causes of action include claims brought under the Truth in Lending Act, 15 U.S.C. §§ 1601–1667f, and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–1681x, as well as claims of civil rights violations under 42 U.S.C. § 1981 and 18 U.S.C.§ 241 and wire fraud under 18 U.S.C. § 1343. (*Id.*) His state law claims include claims for common law fraud, usury under Tenn. Code Ann. § 47-14-117, and an illegal interest rate under Mich. Comp. Laws § 438.31. (*Id.*)

While this case was still pending in the Eastern District of Michigan, Serra and Hopkins electronically filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), (2), (3) and (6) or, in the alternative, to transfer venue to the Middle District of Tennessee under 28 U.S.C. § 1404(a). (Doc. No. 6.) The certificate of service attached to their motion states that they served the motion on Robinson by mail at his address in Madison, Tennessee. (*Id*.) Robinson filed a response in opposition to Serra and Hopkins's motion to dismiss or transfer venue (Doc. No. 9) and a motion for summary judgment (Doc. No. 10). The docket shows that Robinson filed and served both documents by mail. (Doc. Nos. 9, 10.) The Eastern District of Michigan later struck Robinson's motion for summary judgment as premature, explaining that "[t]he [c]ourt does not allow summary judgment motions until after it holds a scheduling conference—which will occur after the [c]ourt rules on Defendants' motions to dismiss[.]" (Doc. No. 13, PageID# 212.)

While Serra and Hopkins's motion to dismiss or transfer venue was still pending, and on the same day Robinson filed his response in opposition to that motion and his first motion for summary judgment, Credit Acceptance electronically filed its motion to compel arbitration and dismiss or stay this case. (Doc. No. 8.) The attached certificate of service states that the motion "was filed with the [Eastern District of Michigan's] Clerk of the Court using the CM/ECF system, which will provide notice to all counsel of record." (*Id.* at PageID# 104.) The notice of electronic filing generated by the Eastern District of Michigan's CM/ECF system states that notice was electronically mailed to counsel for Serra and Hopkins but was not electronically mailed to Robinson. Serra and Hopkins later filed a notice concurring with Credit Acceptance's motion to compel arbitration and dismiss or stay the case. (Doc. No. 15.)

Robinson filed a response in opposition to Credit Acceptance's motion to compel arbitration and dismiss or stay the case. (Doc. No. 14.) It is not clear from the docket how Robinson filed his response, but he attached a certificate of service stating that he served the response on Credit Acceptance's counsel by mail. (*Id.*) Robinson argues that Credit Acceptance never served its motion on him and that Credit Acceptance is therefore "technically in default." (*Id.* at PageID# 215.) Robinson states that "he can view the docket by use [o]f the internet" but "cannot access the actual documentation without cost" and therefore "cannot . . . examine" Credit Acceptance's motion. (*Id.*) Robinson states that he therefore has "not . . . attempt[ed] to address the motion on its merits, and would, instead, like the opportunity to examine the motion and the accompanying exhibits . . . if the Court does not find [Credit Acceptance] is in default[.]" (*Id.*)

Credit Acceptance electronically filed a reply arguing that Robinson's assertion that he was not served with and cannot examine the motion "is, of course, baseless and a ruse" because Robinson "has already taken full advantage of the [Eastern District of Michigan's] e-filing system" by "fil[ing] at least seven documents [in this action] to date" and has admitted that he can view the docket online. (Doc. No. 19, PageID# 260.)

The Eastern District of Michigan granted in part and denied in part Serra and Hopkins's motion to dismiss or transfer venue, finding that the court had federal question jurisdiction over Robinson's complaint, but that venue was not proper in Michigan. (Doc. No. 21.) The court therefore transferred the action to this Court under 28 U.S.C. § 1406(a). (*Id.*) In doing so, the Eastern District of Michigan noted that Credit Acceptance's motion to compel arbitration and dismiss or stay the case was fully briefed and would be transferred with the rest of the action. (*Id.*) The case was transferred to this Court the following day. (Doc. No. 22.) However, due to an

administrative error, Credit Acceptance's motion to compel arbitration and dismiss or stay the case was not marked as pending on this Court's docket.

Robinson filed a second motion for summary judgment after the case arrived in this Court, filing and serving the motion and supporting memorandum of law by mail. (Doc. Nos. 29, 30.) Hopkins and Serra moved for extensions of time to respond to Robinson's motion for summary judgment and to answer his complaint, noting that Credit Acceptance's motion to compel arbitration and dismiss or stay the case was still pending. (Doc. Nos. 32, 33.) The Court granted Serra and Hopkins's motions, stayed "all responsive deadlines for all parties until the motion to compel arbitration has been resolved, including responsive and reply briefing on Robinson's motion for summary judgment[,]" and directed the Clerk's Office to identify the motion to compel arbitration as an active motion. (Doc. No. 34, PageID# 327.)

## II. Legal Standards

### A. Service Under Federal Rule of Civil Procedure 5

Before addressing the merits of Credit Acceptance's motion to compel arbitration and dismiss or stay the case, the Court must determine if Robinson was properly served with that motion. Federal Rule of Civil Procedure 5 provides that "a written motion, except one that may be heard ex parte[,]" "must be served on every party" "[u]nless these rules provide otherwise[.]" Fed. R. Civ. P. 5(a)(1)(D). "If a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed. R. Civ. P. 5(b)(1). Rule 5(b)(2) sets out the ways in which a party may serve a motion:

**(2)** *Service in General.* A paper is served under this rule by:

**(A)** handing it to the person;

**(B)** leaving it:

> **(i)** at the person's office with a clerk or other person in charge or, if no one is in charge, in a conspicuous place in the office; or
>
> **(ii)** if the person has no office or the office is closed, at the person's dwelling or usual place of abode with someone of suitable age and discretion who resides there;
>
> **(C)** mailing it to the person's last known address--in which event service is complete upon mailing;
>
> **(D)** leaving it with the court clerk if the person has no known address;
>
> **(E)** sending it to a registered user by filing it with the court's electronic-filing system or sending it by other electronic means that the person consented to in writing--in either of which events service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served; or
>
> **(F)** delivering it by any other means that the person consented to in writing--in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Fed. R. Civ. P. 5(b)(2)(A)–(F).

The advisory committee notes to Rule 5(b) explain that, with respect to serving registered users of a court's electronic-filing system under Rule 5(b)(2)(E), "[a] court may choose to allow registration only with the court's permission." Fed. R. Civ. P. 5(b) advisory committee's note to 2018 amendment. Because Credit Acceptance filed its motion in the Eastern District of Michigan before the case was transferred to this Court, it is the Eastern District of Michigan's local rules about electronic-filing registration that apply to service of Credit Acceptance's motion. Those rules provide that "a non-incarcerated *pro se* party" must be "granted permission" to register for the court's electronic filing system "on a case-by-case basis." E.D. Mich. Elec. Filing Pol'ys & Procs. R 3(a). The Eastern District of Michigan's local rules further provide that "[a] party who is *pro se* and not a filing user . . . is entitled to a hard copy of any paper filed electronically" which must be served "according to the federal rules of procedure (civil and criminal) and local rules." E.D. Mich. Elec. Filing Pol'ys & Procs. R 9(e).

### B. Entry of Default Under Federal Rule of Civil Procedure 55(a)

Federal Rule of Civil Procedure 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default under Rule 55(a) is not appropriate where a defendant engages in "[a]cts that show an intent to defend . . . ." Fed. R. Civ. P. 55(a) advisory committee's note to 2007 amendment.

### III. Analysis

#### A. Credit Acceptance's Motion to Compel Arbitration and Dismiss or Stay the Case

Credit Acceptance recognizes that it was required to serve its motion to compel arbitration and dismiss or stay the case on Robinson under Rule 5. The certificate of service Credit Acceptance attached to its motion states that the motion "was filed with the [Eastern District of Michigan's] Clerk of the Court using the CM/ECF system which will provide notice to all counsel of record." (Doc. No. 8, PageID# 104.) This statement does not include Robinson, who is not represented by counsel, and Credit Acceptance has not stated that it served its motion on Robinson by any other means. It argues only that Robinson's assertion that he was not served by the Eastern District of Michigan's electronic filing system is "baseless and a ruse" because "he has already taken full advantage of the Court's e-filing system" and admits he can view the docket online. (Doc. No. 19, PageID# 260.)

Contrary to Credit Acceptance's assertion, there is no indication that Robinson was registered to use the Eastern District of Michigan's electronic filing system. The Eastern District of Michigan's local rules provide that pro se parties may only register as users of that court's electronic filing system with the court's permission. E.D. Mich. Elec. Filing Pol'ys & Procs. R 3(a). There is no record that Robinson requested or received such permission.

Credit Acceptance points to the fact that Robinson "filed at least seven documents" in the Eastern District of Michigan as proof that Robinson was registered to use that court's electronic filing system and could be served through it under Federal Rule of Civil Procedure 5(b)(2)(E). (Doc. No. 19, PageID# 260.) The docket shows that Robinson filed eight documents in the Eastern District of Michigan before this action was transferred. (Doc. Nos. 1, 4, 9–12, 14, 17.) Robinson filed six of those documents by mail, as demonstrated by copies of the mailing envelopes accompanying each filing that have been scanned and are included in the Eastern District of Michigan's docket. (Doc. Nos. 1, 4, 9–12.) There are no mailing envelopes accompanying the remaining two documents—Robinson's response in opposition to Credit Acceptance's motion to compel arbitration and dismiss or stay the case (Doc. No. 14) and his response in opposition to Serra and Hopkins's motion to dismiss or transfer venue (Doc. No. 17)—and it is not clear from the docket how Robinson filed these documents. However, even if these documents were electronically filed, that fact alone would not demonstrate that Robinson was a registered CM/ECF user in the Eastern District of Michigan or that he was electronically served with Credit Acceptance's motion to compel arbitration and dismiss or stay the case.

The Court takes judicial notice that, during the COVID-19 pandemic, the Eastern District of Michigan issued an administrative order allowing pro se litigants to file documents electronically using a temporary "*Pro Se* Electronic Document Upload Program available on the Court's Internet Website: http://www.mied.uscourts.gov." Admin. Order 20-AO-036 at 2, ¶ 2 (E.D. Mich. July 1, 2020).[2] This order was still in effect on May 24 and 26, 2021, when Robinson filed his responses in opposition to Credit Acceptance's and Serra and Hopkins's motions. *See id.*

---

2   https://www.mied.uscourts.gov/pdffiles/20AO036.pdf. Courts may take judicial notice of factual information provided on government websites in ruling on a motion to dismiss. *Kentucky v. Biden*, 571 F. Supp. 3d 715, 722 (E.D. Ky. 2021).

at 2 ("The *Pro Se* Electronic Document Upload Program will be in place temporarily until it is determined that it is safe to discontinue it."); *see also* Admin. Order 22-AO-018 at 1 (E.D. Mich. Mar. 29, 2022) (directing that "*pro se* filers may continue to file documents . . . using the *Pro Se* Electronic Document Upload Program" made available by the court's prior administrative order).[3] Thus, one explanation of how Robinson electronically filed his responses in opposition to the defendants' dispositive motions is that he used the Eastern District of Michigan's pro se document upload program. But the Eastern District of Michigan's administrative order providing a way for pro se litigants to file documents did not also provide a way for pro se litigants to be served electronically. *See* Admin. Order 20-AO-036 (E.D. Mich. July 1, 2020). And the Eastern District of Michigan stated in a subsequent administrative order that "[d]ocuments submitted for filing in any manner must still be served on all parties in a case as required by Fed. R. Civ. P. 5." Admin. Order 22-AO-018, at 2 (E.D. Mich. Mar. 29, 2022).

There is simply no basis in the record to conclude that Robinson was a registered user of the Eastern District of Michigan's CM/ECF system such that Credit Acceptance could rely on that system to effect service under Rule 5(b)(2)(E). There is no record of Robinson applying for and being granted permission to use the CM/ECF system. There is no record that he ever filed a document using the CM/ECF system. And the CM/ECF record of electronic service generated with Credit Acceptance's motion to compel arbitration and dismiss or stay the case does not state that Robinson was electronically served. Instead, it states that notice was *not* electronically mailed to Robinson.

Credit Acceptance's argument that the fact that Robinson admits he can view the docket in this case online demonstrates that he is a registered CM/ECF user and can access Credit

---

[3] https://www.mied.uscourts.gov/pdffiles/22AO018.pdf.

10
Case 3:21-cv-00670   Document 39   Filed 08/22/22   Page 10 of 14 PageID #: 343

Acceptance's motion must also be addressed. (Doc. No. 19.) The type of fee-based access to the docket that Robinson describes in his response to Credit Acceptance's motion is consistent with general public access to court documents available through the Public Access to Court Electronic Records (PACER) system. Members of the public who register for a PACER account may search for cases filed in federal court; however, "[a]ccess to case information costs $0.10 per page." *Frequently Asked Questions*, PACER, https://pacer.uscourts.gov/help/faqs (last visited Aug. 19, 2022). But a pro se litigant's ability to access PACER and pay to download filings made in his or her case "does not replace the opposing party's duty to serve its motions" on that party in accordance with Federal Rule of Civil Procedure 5 and any applicable local rules. *McZeal v. Deutsche Bank Nat'l Tr. Co.*, No. A-16-CA-0430, 2016 WL 4154846, at *4 (W.D. Tex. Aug. 3, 2016). Finding otherwise would be the equivalent of imposing a tax on pro se parties to pursue their claims.

The Court finds that Robinson was not a registered CM/ECF user in the Eastern District of Michigan at the time Credit Acceptance filed its motion to compel arbitration and dismiss or stay this case and that Robinson was not electronically served with that motion in accordance with Federal Rule of Civil Procedure 5(b)(2)(E). Credit Acceptance has not argued that it served Robinson by any other means authorized by Rule 5(b)(2). Nor has it argued that it provided Robinson with "a hard copy" of its electronically filed motion as required by the Eastern District of Michigan's local rules. E.D. Mich. Elec. Filing Pol'ys & Procs. R 9(e).

Accordingly, because Credit Acceptance has not shown that it served its motion to compel arbitration and dismiss or stay the case on Robinson as required by the Federal Rules and the Eastern District of Michigan's local rules, the motion should be denied. *See Griffin v. Kyle*, No. 2:10-cv-664, 2011 WL 2885007, at *3 (S.D. Ohio July 15, 2011) (finding that "it is not

11
Case 3:21-cv-00670   Document 39   Filed 08/22/22   Page 11 of 14 PageID #: 344

appropriate to rule on a motion which has not been served on the opposing party" and recommending denying defendant's motion for summary judgment), *report and recommendation adopted by* 2011 WL 3667401 (S.D. Ohio Aug. 22, 2011); *Pullins v. Eldridge*, No. 1:20-cv-01311, 2021 WL 3860298, at *1 (S.D. Ind. Aug. 27, 2021) (denying motions to dismiss where defendants failed to serve motions on pro se plaintiff who was "not a registered user on the Court's electronic filing system").

### B. Robinson's Request for Entry of Default Against Credit Acceptance

Robinson argues in his response in opposition to Credit Acceptance's motion to compel arbitration and dismiss or stay the case that "Credit Acceptance is technically in default" because it did not serve him with a response to his complaint. (Doc. No. 14, PageID# 215.) Credit Acceptance argues that it "timely responded to [Robinson's] Complaint by filing the [ ] motion" to compel arbitration and dismiss or stay the case. (Doc. No. 19, PageID# 260, n.2.)

The Court construes Robinson's argument as a request for entry of default under Federal Rule of Civil Procedure 55(a). The docket shows that Credit Acceptance responded to Robinson's complaint by electronically filing its motion to compel arbitration and dismiss or stay the case on while this case was still pending in the Eastern District of Michigan. (Doc. No. 8.) Even though Credit Acceptance failed to serve its motion to compel arbitration and dismiss or stay the case on Robinson, its filing of that motion "demonstrates an intention to defend [this] action sufficient to defeat a motion for default." *Chamberlain v. Health*, No. 2:15-CV-1335, 2015 WL 7425705, at *3 (S.D. Ohio Nov. 23, 2015); *see also Bey v. Ally Bank*, Civ. Action. No. 1:21-01079, 2021 WL 4891602, at *1–2 (W.D. Tenn. Sept. 28, 2021) (recommending denying plaintiff's motion for entry of default where defendants electronically filed motion to dismiss but failed to serve motion on pro se plaintiff who was not registered to receive service of electronic filings), *report and recommendation adopted by* 2021 WL 4888331 (W.D. Tenn. Oct. 19, 2021).

Robinson's request for entry of default against Credit Acceptance should therefore be denied.

### C. Robinson's Motion for Summary Judgment

The only remaining motion on the docket is Robinson's second motion for summary judgment, filed after this action was transferred to the Middle District of Tennessee. (Doc. No. 29.) The Eastern District of Michigan struck Robinson's first motion for summary judgment (Doc. No. 10) as premature because that court had not yet held a scheduling conference or ruled on the defendants' motions to dismiss. (Doc. No. 13.) This Court also has not yet entered a scheduling order and will do so, if appropriate, after the Court resolves any motions to dismiss. That scheduling order will include a period of discovery and a deadline for filing motions for summary judgment after discovery has concluded. The Court should deny Robinson's second motion for summary judgment without prejudice to refiling after the Court issues a scheduling order and the parties have had an opportunity to engage in discovery.

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Credit Acceptance's motion to compel arbitration and dismiss or stay this action (Doc. No. 8) be DENIED and that Credit Acceptance be given a short period of time in which to refile its motion and properly serve it on Robinson, *see Pullins*, 2021 WL 3860298, at *1; that Robinson's request for entry of default against Credit Acceptance (Doc. No. 14) be DENIED; and that Robinson's second motion for summary judgment (Doc. No. 29) be DENIED without prejudice to refiling as set out above.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

13
Case 3:21-cv-00670   Document 39   Filed 08/22/22   Page 13 of 14 PageID #: 346

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 22nd day of August, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge