UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **SAMUEL K. ROBINSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) 3:21-cv-0670 |
| | ) |
| **SERRA CHEVROLET BUICK GMC** | ) |
| **OF NASHVILLE** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

# ORDER

On June 5, 2023, Magistrate Judge Newbern entered a Report and Recommendation ("R&R") (Doc. No. 49) recommending that the Motions to Compel Arbitration filed by Defendants Credit Acceptance Corporation, Serra Chevrolet Buick GMC of Nashville, and Charles Hopkins (Doc. Nos. 40, 42) be granted and this action be dismissed without prejudice in favor of arbitration. Samuel K. Robinson has filed an Objection to the R&R (Doc. No. 51), to which Defendants have responded in opposition (Doc. Nos. 53, 54).

Plaintiff objects to the R&R on the grounds that the contract presented by Defendants is purportedly not the one he signed and that the one he did sign had different terms. (Doc. No. 51 at 2, 4). In essence, he is challenging the validity of the contract requiring arbitration, but, as Magistrate Judge Newbern correctly observed, "[t]o place 'the validity of the agreement [ ] in issue, the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate. The required showing mirrors that required to withstand summary judgment in a civil suit.'" (Doc. No. 49 at 9 quoting Great Earth Cos. v. Simons, 288 F.3d 878, 889 (6th Cir. 2002)). Magistrate Judge Newbern then applied those principles to the facts before her, writing:

The parties have filed identical versions of the vehicle purchase contract that contain

> the same arbitration clause. A Credit Acceptance employee states by declaration that this document "is a true and authentic copy of the Retail Installment Contract ("RIC") dated June 19, 2020, between Samuel K. Robinson and Willie E. Carter . . . and Serra Chevrolet Buick GMC . . . for the purchase of a 2010 Chevrolet Impala." The defendants have therefore carried their initial burden to show that Robinson entered into the arbitration agreement. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
>
> Robinson states by declaration that he co-signed paperwork to complete the financing for Carter's vehicle purchase but maintains that his signature is "falsified" on the version of the contract that the defendants filed in this action. Robinson has not provided the version of the contract he maintains that he signed. He states by declaration, however, that the contract he signed identified him as a co-signer and listed a total sale price of about $10,000.00 with monthly payments of $250.00 while the version provided by the defendants identifies Robinson as one of two buyers and lists a total sale price of more than $15,000.00 and monthly payments of more than $300.00 (Doc. Nos. 1, 6-5, 41-1). These are the only differences Robinson identifies between the version of the contract in evidence and the version Robinson argues that he signed. Robinson does not argue that there was not an arbitration clause in the agreement that he signed. Thus, Robinson offers no basis on which to find a genuine dispute of fact that he entered into an arbitration agreement when he signed a contract with Serra.

(Id. at 10-11) (internal citations to the record omitted).

Magistrate Judge Newbern correctly applied the law. To the extent that Plaintiff may now be arguing that the contract he signed contained no arbitration clause,[1] the only contract before the Court contains an arbitration clause, with Plaintiff's initials beneath it stating disputes were to be governed by the Federal Arbitration Act. (Doc. No. 6-5 at 6; 41-1 at 6).

Accordingly, and having conducted a *de novo* review of the matter under Rule 72 of the Federal Rules of Civil Procedure, the Court rules as follows:

---

[1] In his objections, Plaintiff writes:

> For a certainty, just as there is no assertion that the contract mentioned in Plaintiff's declaration did not contain an arbitration clause, there is no evidence that it did.

(Doc. No. 51 at 1).

(1) The R&R (Doc. No. 49) is **ACCEPTED** and **APPROVED** and Plaintiff's Objection thereto (Doc. No. 51) is **OVERRULED**;

(2) The Motions to Compel Arbitration filed by Defendants (Doc. Nos. 40, 42) are **GRANTED**; and

(3) This case is hereby **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court shall enter a judgment and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE